UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ELAINE L. CHAO, ) | |
| Secretary of Labor, ) | FILE NO. |
| United States Department of Labor, ) | 3:07CV90-K |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NORCOM DEVELOPMENT, INC., ) | |
| NORCOM DEVELOPMENT, INC. ) | |
| 401(k) PROFIT SHARING PLAN, and ) | |
| THOMAS A. NORMAN, an individual, ) | |
| ) | |
| Defendants. ) | |

## CONSENT ORDER

Plaintiff, Secretary of Labor, United States Department of Labor, pursuant to her authority under Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*, ("ERISA") has filed a Complaint against Defendants Norcom Development, Inc. ("Norcom"), Thomas A. Norman ("Norman"), and Norcom Development, Inc. 401(k) Profit Sharing Plan (the "Plan"). Defendants and the Secretary have agreed to resolve all matters in controversy in this action except for the imposition by Plaintiff of any penalty pursuant to ERISA Section 502(l), 29 U.S.C. Section 1132(l), and any proceedings related thereto, and said parties do now consent to entry of an Order by this Court in accordance herewith.

1

A. The Secretary's Complaint alleges that Defendants Norcom and Norman breached their fiduciary duties with respect to the Plan by failing to discharge their duties under the Plan and by violating provisions of sections 403, 404 and 406 of ERISA, 29 U.S.C. §§ 1103, 1104 and 1106, as set forth in the Complaint.

B. Defendants Norcom and Norman hereby admit to the jurisdiction of the Court over them and over the subject matter of this action. Defendants Norcom and Norman admit that this Court has the authority to enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

C. Defendants Norcom and Norman admit each and every allegation of the Complaint.

D. Defendants Norcom and Norman expressly waive any and all claims of whatsoever nature that they have or may have against the Secretary, or any of her officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of the above-captioned civil action or any other proceeding and investigation incident thereto.

E. This Order represents a complete settlement of all the Secretary's claims asserted in this action against Defendants Norcom and Norman with the exception of any potential civil money penalties that may assessed under Section 502(l) of ERISA, 29 U.S.C. § 1132(l). This Order is not binding upon any government agency

2

other than the U.S. Department of Labor and only resolves claims arising out of this action as between the Secretary and Defendants.

F.  The Secretary and Defendants Norcom and Norman expressly waive Findings of Fact and Conclusions of Law, except as otherwise set forth and addressed herein, and consent to the entry of this Order as a full and complete resolution of all claims and issues which were, or might have been, alleged in this action without trial or adjudication of any issue of fact or law raised in the Complaint.

Accordingly, it is **ORDERED ADJUDGED AND DECREED** that:

1.  The Court has jurisdiction over the parties to this Order and the subject matter of this action and is empowered to provide the relief herein.

2.  Defendants Norcom and Norman, their agents, servants, employees and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of Title I of ERISA.

3.  In the event that Defendants Norcom and Norman fail to comply with this Order, these Defendants, at the request of the Plaintiff, may be removed as trustees and/or fiduciaries to the Plan and a successor fiduciary may be appointed upon the Plaintiff's motion to this Court. If Plaintiff determines that it is necessary to remove these Defendants, the Plaintiff shall recommend to the court a successor fiduciary. In the event a successor trustee is appointed, Defendants Norcom and

Norman shall pay any and all reasonable costs and fees associated with the appointment and services provided by the successor trustee.

4. As a result of their fiduciary breaches, Defendants Norcom and Norman have caused the Plan losses of $69,115.89, plus interest on those funds of $15,516.00 through March 13, 2007, calculated at the higher of the applicable Internal Revenue Code section 6621 Rate or the Plan's rate of return, for which they are jointly and severally liable. Defendants Norcom and Norman have paid restitution to the Plan in the the sum of $84,631.89, to be allocated to the accounts of all the participants and beneficiaries and former participants and beneficiaries as provided by the Plan. Defendants Norcom and Norman also agree to restore to the Plan additional lost earnings in the amount of $575.00, and shall pay this amount to the Plan no later than August 1, 2007.

5. Defendants shall provide Plaintiff by facsimile and mail, through her undersigned legal representatives, an accounting of the asset allocations to the Plan participants and beneficiaries. The accounting shall include the participants and beneficiaries' names, addresses, social security numbers, dates of employment, and the allocation amount.

6. Once the corrective actions required in this Consent Judgment and Order are complied with, the Secretary is required to assess a civil penalty pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l). The penalty under Section 502(l) is equal to 20 percent of the "applicable recovery amount" as that term is defined by ERISA. The

4

parties agree that the "applicable recovery amount" is the amount specified in paragraph 4.

7. This Consent Order resolves all claims of Plaintiff's Complaint with the following exceptions:

(a). This Order does not adjudicate or otherwise affect any potential civil money penalties that may be assessed under Section 502 (l) of the Act.

(b). This Order does not affect or bind any governmental agency other than the United States Department of Labor.

(c). This Court retains jurisdiction over the parties and case for purposes of enforcing compliance with the terms of this Consent Order.

8. Each party shall bear his/its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

This 30th day of July, 2007.

*[Signature]*
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Defendants consent to entry of the foregoing Judgment: | Plaintiff moves entry of the foregoing Judgment: |

NORCOM DEVELOPMENT INC.

By: *[Signature]*
President

JONATHAN L. SNARE
Acting Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

THOMAS NORMAN, Individually

BY: *[Signature]*
Thomas Norman

THOMAS C. SHANAHAN
Counsel

BY: *[Signature]*
Robert M. Lewis, Jr.
Attorney

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA 30303
(404) 302-5466
(404) 302-5438 (FAX)
Attorneys for Plaintiff

6